### DANIEL MONARCH, ET AL., *v.* JOHN P. YOUNG, ET AL.

**Counterclaim—Damages—Evidence—Measure of Damages.**

In a suit to collect the price of machinery sold, the defendant cannot recover on his counterclaim where there is no proof showing the amount of damages sustained by reason of the failure of plaintiff to deliver the machinery promptly.

**Measure of Damages.**

Remote and uncertain damages cannot be recovered under a counterclaim filed in a suit for the purchase money of machinery.

### APPEAL FROM DAVIESS CIRCUIT COURT.

November 18, 1874.

OPINION BY JUDGE PRYOR:

If the peremptory instructions can be regarded as erroneous, it could only have affected the question of costs, and from the evidence in the case we are inclined to concur with the court below that no cause of action had been made out on the counterclaim. There was no evidence that the appellant had sustained any damages, except such as might be implied by the failure of the appellees to the cross-action, to furnish the machinery in the time required by the contract. The damages on this branch of the case, if any were sustained, are too remote and uncertain, the true criterion being the difference between the price agreed to be paid by the contract and what appellant was compelled to pay by reason of the failure of appellees to comply.

The evidence shows that appellants paid $185 more in whiskey for the machinery not furnished, than what they had agreed to pay the appellees in money. Whether the whiskey thus furnished was of more value than the $1,000 does not appear; nor is it shown that this extra price in whiskey was the result of the failure of appellees to furnish the machinery. The evidence of appellant shows that those who furnished the machinery were, under the original contract. to perform part of the work, and although it may not have been the particular part not purchased, still the only damages sustained by appellant, according to his own showing, is that the rent of the distillery was worth so much per month, and therefore he is entitled to recover the amount of rent from the time the machinery was to be furnished until it was actually delivered. The statement of the proposition is of itself conclusive against the right of recovery. No direct damages have been shown. What expenses were incurred,

or the amount paid the hands out of employment, or that were not employed at other work, is not made to appear. There is nothing in appellants' defense. The judgment *affirmed.* Judge Cofer not sitting.

*G. W. Williams, for appellants.*
*Sweeney & Stuart, for appellees.*